ALEXANDER JOHNSON AND RICHARD SCOTT *v.* THOS. W. MEANS, ETC.

Action—Consolidation.

> A party can not complain that his action for forcible entry and detainer was consolidated with his suit to reform his patent to the land.

APPEAL FROM BOYD CIRCUIT COURT.

December 17, 1872.

OPINION BY JUDGE LINDSAY:

This was not a proceeding to quiet title to real estate, as is insisted on by appellants' counsel. Appellees prayed for a reformation of the calls in their patent and for judgment for the recovery of the possession of that portion of their lands held and occupied by appellant, Johnson.

The proof establishes very clearly that appellees and those through whom they claim title, had actually held occupied and claimed as their own, the land in controversy for more than fifteen years before the entry by Scott and his vendees. It is also shown that Scott pointed out to a party to whom he sold lands many years ago, the line now claimed by appellees to be the true one and recognized it as such.

His attempt to obtain title and possession through the county court entry and patent was palpably and manifestly a scheme resorted to for the purpose of securing title to lands known to him to be the property of others.

The judgment of the court below ousting his vendee from the possession thus improperly obtained was right, and it is affirmed.

Nor can Johnson complain that his proceeding under the writ of forcible entry and detainer was consolidated with the equity suit. He was allowed his costs up to the time of the consolidation. A judgment under it ejecting appellees' tenant would have been a mere farce as the writ of possession awarded in the equity suit would have immediately taken from him the possession thus secured.

Judgment *affirmed*.

*Rodman, for appellants.*

*Dulin, for appellees.*